The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

### IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: July 6, 2023**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                   **NO. S-1-SC-39189**

**SERGIO Z. BOYLE,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Angie K. Schneider, District Judge**

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

Hector H. Balderas, Attorney General
Leland M. Churan, Assistant Attorney General
Santa Fe, NM

for Appellee

### DISPOSITIONAL ORDER OF AFFIRMANCE

**VIGIL, Justice.**

{1}    WHEREAS, this matter comes before the Court on the direct appeal of Sergio Boyle (Defendant) from his convictions for first degree murder, NMSA 1978, § 30-

2-1(A)(1) (1994) ("a capital felony"), tampering with evidence, NMSA 1978, § 30-22-5 (2003), and unlawful taking of a motor vehicle, NMSA 1978, § 30-16D-1(A)(1) (2009); *see* Rule 12-102(A)(1) NMRA (providing that capital appeals "shall be taken to the Supreme Court");

{2}     WHEREAS, Defendant challenges only his conviction for unlawful taking of a motor vehicle;

{3}     WHEREAS, Defendant's challenge is that the State failed to prove the "definitive ownership" of the vehicle allegedly taken;

{4}     WHEREAS, this Court has considered the briefs and is otherwise fully informed on the issues and applicable law;

{5}     WHEREAS, this Court hereby exercises its discretion under Rule 12-405(B)(1)-(2) NMRA to dispose of this case by nonprecedential order rather than a formal opinion;

{6}     WHEREAS, in reviewing the sufficiency of the evidence, we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict," *State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 (internal quotation marks and citation omitted);

{7} WHEREAS, the applicable statute prohibits a person from "taking any vehicle . . . intentionally and without consent of the owner," § 30-16D-1(A);

{8} WHEREAS, the State presented testimony that Antonio Armendariz (Victim) owned the 1986 Chevy truck in question;

{9} WHEREAS, Defendant admitted that he did not own Victim's truck and that he took Victim's truck without permission;

{10} WHEREAS, the jury instructions given to the jury required the State to prove Defendant took the truck without the owner's consent and did not require the State to present evidence of the owner's identity or proof of legal title, *see* UJI 14-1660 NMRA;

{11} WHEREAS, "[J]ury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Arrendondo*, 2012-NMSC-013, ¶ 18, 278 P.3d 517 (internal quotation marks and citation omitted);

{12} WHEREAS, this Court determines the evidence was sufficient to support the jury's finding that Defendant intentionally took Victim's truck without consent;

{13} NOW, THEREFORE, IT IS ORDERED that Defendant's conviction for unlawful taking of a motor vehicle is affirmed and that Defendant's remaining convictions are likewise affirmed.

{14} **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Justice**

**WE CONCUR:**

_____

**C. SHANNON BACON, Chief Justice**

_____

**DAVID K. THOMSON, Justice**

_____

**JULIE J. VARGAS, Justice**

_____

**BRIANA H. ZAMORA, Justice**